UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**Constitution Pipeline Company, LLC,**

        **Plaintiff,**

v().  Case No. 3:14-CV-2049 (NAM)

**A Permanent Easement for 1.80 Acres and a Temporary Easement for 2.09 Acres in Davenport, Delaware County, New York Tax Parcel Number 24.-1-41,
Robert J. Lidsky, Beverly Travis, et al.,**

        **Defendants.**

---

Elizabeth U. Witmer, Esq.
Sean T. O'Neill, Esq.
Saul Ewing Arnstein & Lehr LLP
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087
*Attorneys for Plaintiff*

Anne Marie Garti, Esq.
P.O. Box 15
Bronx, NY 10471
*Attorney for Defendant Robert J. Lidsky*

**Norman A. Mordue, Senior U.S. District Judge:**

## ORDER

Now before the Court is Plaintiff's Motion under Federal Rule of Civil Procedure 71.1(g) to substitute Robert Adam, Jr. and Linda Adam as Defendants in place of Robert J. Lidsky and his late spouse, Beverly Travis. (Dkt. No. 38). Defendant Robert J. Lidsky opposes the motion. (Dkt. No. 43).

1

As background, Plaintiff commenced this action in 2014 by seeking condemnation of numerous properties owned by landowner Defendants in this case and others, for the purpose of constructing a natural gas pipeline. (Dkt. No. 1). On February 21, 2015, the Court granted Plaintiff's motions for partial summary judgment and a preliminary injunction, thereby giving Plaintiff a permanent right of way and easement on the Defendants' properties for the pipeline, as well as temporary easements for pipeline construction and maintenance. (Dkt. Nos. 16, 17, 20). Plaintiff also posted bonds as security for the payment of just compensation to Defendants. (*Id.*). However, the pipeline project was later abandoned, and it is now permanently cancelled. (*See* Dkt. No. 24). Therefore, on September 17, 2020, the Court dissolved the injunction for the pipeline, vacated the related orders, and ordered that all cases proceed to trial on the issue of compensation due to the landowners for the taking that occurred. (Dkt. No. 33).

In this case, Plaintiff asserts that the land at issue has been sold and that the new owners must be substituted in place of the named Defendants so that they can be compensated and the matter finally closed. (Dkt. No. 38). Plaintiff has submitted a copy of a Deed conveying the property on November 7, 2019 from Robert J. Lidsky to Robert Adam, Jr. and Linda Adam. (Dkt. No. 38-2, pp. 5-8). Plaintiff has also submitted a copy of a Rider to Contract executed as part of the sale, which provided that:

> Seller shall assign any and all proceeds from the Civil Action proceeding pending in the United States District Court for the Northern District entitled "Constitution Pipeline Company, LLC, Plaintiff v. A Permanent Easement for 1.80 Acres and Temporary Easement for 2.09 Acres in Davenport, Delaware County, New York Tax Parcel Number 24.-1-41, Robert J. Lidsky, Beverly Travis and All Unknown Owners, Defendants", shall provide for Purchaser to be substituted for Seller as a party in said action and shall execute any such documents as are necessary to effectuate said assignment and substitution including, but not limited to an Assignment of Proceeds and Substitution of Parties. This requirement shall survive closing.

(Dkt. No. 38-2, p. 10).

2

Plaintiff's motion is governed by Rule 71.1(g), which states in relevant part that if a defendant "transfers an interest after being joined, the court may, on motion and notice of hearing, order that the proper party be substituted." Fed. R. Civ. P. 71.1(g). Here, the record shows that when Plaintiff filed suit in 2014, Robert J. Lidsky and Beverly Travis owned the property proposed to be condemned for the pipeline. (Dkt. No. 1). Unfortunately, Ms. Travis passed away in May of 2019, leaving Mr. Lidsky as the "surviving tenant by the entirety" for the property. (Dkt. No. 38-2, p. 8; *see also* Dkt. No. 47-1, p. 32). Then in November 2019, while the pipeline was still pending construction, Mr. Lidsky conveyed the property to Robert Adam, Jr. and Linda Adam. (Dkt. No. 38-2, pp. 4–11). The sale specifically included an assignment to the new owners of Mr. Lidsky's interest in any compensation related to the pipeline litigation. (*Id.*, p. 12). Mr. Lidsky also agreed to substitute the new owners as defendants in this case, but that document was apparently never filed. (*Id.*, p. 20).

Based on this evidence, it seems clear that Robert Adam, Jr. and Linda Adam are the proper defendants and should be substituted in place of Mr. Lidsky. However, Mr. Lidsky argues that Plaintiff's motion should be denied because the rider and assignment are allegedly not valid under New York law. (Dkt. No. 43). Among other things, Mr. Lidsky claims that the contracts are void because they were not signed by Beverly Travis or an Executor of her Will. (*Id.*, p. 12). But the Deed signed by Mr. Lidsky stated that he was the surviving tenant by the entirety, (Dkt. No. 38-2, p. 8), which is consistent with New York law that property co-owned by a married couple automatically passes to the surviving spouse.[1] Moreover, Mr. Lidsky's own attorney for the sale, Ann Harrison, states that Mr. Lidsky claimed to be the sole heir and beneficiary of Ms. Travis, and that "he was authorized to transact and dispose of assets on her

---

[1] *See U.S. Bank Natl. Assn. v. Auteri*, 142 N.Y.S.3d 64, 66 (N.Y. App. Div. 2d Dept. 2021).

behalf after her death." (Dkt. No. 47-1, p. 28).  And his intent to do so is reflected in the rider, where he crossed out the name of Ms. Travis and marked his initials.  (Dkt. No. 38-2, p. 10).  Thus, the absence of Ms. Travis's signature on the contracts does not render them void.

The Court has carefully reviewed Mr. Lidsky's other arguments and finds them to be without merit as well.  The rider and assignment are unambiguous in expressing the intent of Mr. Lidsky, who signed the documents, to transfer his interest in the property, including any proceeds from the pipeline litigation, to Robert Adam, Jr. and Linda Adam.  Mr. Lidsky was represented by counsel during the sale, and there is no evidence whatsoever (such as an affidavit from Mr. Lidsky) that his agreement was a mistake or misunderstanding, or was obtained through fraud, undue influence, or duress.  Rather, all the elements of a valid contract are present: offer, acceptance, consideration, mutual assent, and intent to be bound. Accordingly, the Court finds that the conveyance of the property was effective and binding, and that the owners Robert Adam, Jr. and Linda Adam are the proper defendants in this case.

Wherefore, it is hereby

**ORDERED** Plaintiff's Motion to Substitute Parties (Dkt. No. 38) is **GRANTED**; and it is further

**ORDERED** that Robert Adam, Jr. and Linda Adam shall be **SUBSTITUTED as Defendants** in place of Robert Lidsky and Beverly Travis; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Date:  October 7, 2021
         Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge